IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DOUG STAGEMEYER, | ) | 7:01CV5003 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ***MEMORANDUM BRIEF*** |
| | ) | ***IN SUPPORT OF BILL OF COSTS*** |
| MIKE DOWLING, | ) | |
| | ) | |
| Defendant. | ) | |

### BACKGROUND

Trial in this lawsuit was held October 27-29, 2003. Judgment in favor of the Defendant on the Plaintiff's claims was announced October 29, 2003, with a written Judgment being entered October 29, 2003. Defendants have filed a Bill of Costs seeking fees for witnesses in the amount of $924.70, reimbursement of costs incident to the taking of depositions in the amount of $1,659.00, and fees for copies of papers necessarily obtained for use in this case in the amount of $233.65.

### ARGUMENT

Fed. R. Civ. P. states in pertinent part: "Except when express provision therefor is made in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." ). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *Bathke v. Casey's Gen. Stores, Inc.*, 64 F.3d 340, 347 (8th Cir.1995). 28 U.S.C. § 1920 provides additional guidance as to what costs may be taxed to the non-prevailing party. This provision states in relevant part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> * * *
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> * * *

A.   <u>Deposition Costs</u>.

According to the Eighth Circuit Court of Appeals, the expense of depositions may be taxed as costs provided that the depositions were reasonably necessary to the case, and were not purely investigative in nature. *Koppinger v. Cullen-Schiltz & Associates*, 513 F.2d 901 (8th Cir. 1975). *See also, Davenport Grain Co. v. Michigan Millers Mut. Ins. Co.*, 125 F.R.D. 157 (Neb. 1987). Defendants seek reimbursement for costs incurred in taking the depositions of Plaintiff, Julie Stagemeyer, Jan Bendler, David Bendler, Chad Phaby, and Ken Moody. These depositions were not purely investigative in nature. It was necessary to take Plaintiff's, Julie Stagemeyer's, Jan Bendler's and David Bendler's depositions as a possible impeachment tool at trial and to structure defense counsel's cross-examination of them. The depositions of these witnesses were indeed used at trial to impeach all four witnesses listed.

Further, it was necessary to take the depositions of Chad Phaby and Ken Moody in lieu of trial testimony and these depositions were allowed by the Court. Although the deposition of Ken Moody was not introduced at trial, it remained necessary to take his deposition as it

was reasonably necessary to the case.  The Eighth Circuit Court of Appeals has held that even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was "necessarily obtained for use in [a] case" and was not "purely investigative." *Slagenweit v. Slagenweit*, 63 F.3d 719, 720 (8th Cir.1995) (per curiam).

Legal precedent allows the reimbursement of deposition costs to the prevailing party in such circumstances.  See e.g.*, Koppinger, supra*, at 911 (depositions not used at the trial could be taxed provided they were reasonably necessary to the case and were not purely investigative in nature); *Kraeger v. University of Pittsburgh*, 535 F. Supp. 233 (D.C. Pa. 1982) (costs of deposition which was necessary and was used at trial for cross-examination purposes was taxable to non-prevailing party); *Firemen's Fund Ins. Co. v. Standard Oil Co. of Cal.*, 339 F.2d 148 (9th Cir. 1964) (depositions used in connection with cross-examination were taxable as necessary costs); *NisshoIwai Co. L.T.D. v. Occidental Crude Sales*, 729 F.2d 1530 (5th Cir. 1984) (if used to structure questioning of witnesses at trial, deposition costs were recoverable); *Sperry Rand Corp. v. A-T-O, Inc.*, 58 F.R.D. 132 (D.C. Va. 1973) (deposition obtained for possible impeachment purposes was taxable as necessary costs).

Accordingly, Defendant is entitled to deposition costs in the amount of $1,659.00 and should be taxed against the Plaintiff.

B.   <u>Witness Fees</u>.

Defendant is entitled to recover witness and mileage fees for those witnesses called to testify by the Defendant in his case-in-chief as well as in the depositions of Jan Bendler and David Bendler.  Witnesses called by Defendant, for which fees and expenses are sought are

Tiffany Wagner, Chad Phaby, Jan Bendler and David Bendler. Each witness is entitled to a $40 witness fee for one day's appearance to testify at trial or testify at a deposition. The Defendant does not seek a witness fee for Chad Phaby's appearance, and does not seek costs for subsistence for any of the witnesses. These individuals did, in fact, testify at trial. Costs of a prevailing party's witnesses are generally a necessary expense and are, thus, recoverable from the losing party. *Marks v. Calendine*, 80 F.R.D. 24 (D.C. W. Va. 1978). Further, the attendance fees of witnesses who attend and testify at trial may be taxed as costs even though they are not subpoenaed. *Spiritwood Grain Co. v. Northern Pac. Ry. Co.*, 179 F.2d 338 (8th Cir. 1950). This includes mileage. *Vincennes Steel Corporation v. Miller*, 94 F.2d 347 (C.C.A. Miss. 1938); *Bank of America v. Loew's Intern. Corp.*, 163 F. Supp. 924 (D.C. N.Y. 1958). Where the testimony of witnesses was reasonably necessary to the disposition of the case and the amounts claimed for fees are not unreasonable, there is no abuse of discretion in taxing the costs. *Koppinger v. Cullen-Schiltz & Associates*, 513 F.2d 901 (8th Cir. 1975). Thus, total fees for witnesses taxable to the Plaintiff amounts to $924.70.

C.   Copies

Defendant is entitled to receive costs for those copies necessarily obtained for use in the case. Photocopying expenses can be recoverable, under Title 28 U.S.C. § 1920(4), which allows a reimbursement, to a prevailing party, of '[f]ees for exemplification and copies of papers necessarily obtained for use in the case.' " *Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d 1088 (D.Minn. 1999). Under subsection (4) of § 1920, prevailing parties may list amounts paid to others for production of documents, and may charge their own photocopying

expenses for copying the numerous exhibits that they introduced at trial. *Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127 (E.D.Mo.1998).

The costs requested by Defendant are taxable under § 1920(4) since they were incurred copying exhibits introduced at trial and for the use in presenting the evidence to the jury. Further, Plaintiff's exhibits consisted solely of duplications of many of Defendant's exhibits, and Plaintiff utilized the copies made by Defendant in presenting evidence to the jury as well. The affidavit of counsel shows that 53 pages of exhibits were copied 10 times (for introduction at trial, for use by both parties counsel's, for use by the Court, and for use by the jury in the form of juror notebooks). At a cost of .50 cents per copy, Defendant is entitled to $265.00 in copying costs of written exhibits. Further, photographic exhibits were also utilized and the cost of reproducing copies of the photographic exhibits was $180.65. Accordingly, the total amount of costs for copies necessarily obtained for use at trial is $445.65.

A prevailing party is prima facie entitled to recover costs, and it is incumbent upon the unsuccessful party to show circumstances to overcome this presumption. *Bathke v. Casey's Gen. Stores, Inc.*, 64 F.3d 340, 347 (8th Cir.1995). The Defendant's Bill of Costs, supporting affidavit, and legal authorities cited herein authorize costs in the amount of $3,029.35 to be taxed against Plaintiff.

11-64-24